# UNITED STATES

*v.*

# ENRIQUE MUÑOZ GONZÁLEZ.

San Juan, Criminal, No. 1734.

PROHIBITION.

Prohibition Law—No Private Search without Warrant.

1. While it is necessary for any officer of the law to have a legal

NOTE.—On necessity of search warrant for seizure of intoxicating liquors under Volstead Act, see note in 10 A.L.R. 1554.

On necessity of warrant for search for or seizure of intoxicating liquors, see notes in 3 A.L.R. 1516, 13 A.L.R. 1316, 27 A.L.R. 711.

United States v. González.

search warrant before he can lawfully enter the residence, or the abode, or domicil of any person suspected of crime, this rule does not apply to automobiles, railroad stations, public stores, or other public places.

Prohibition Law—Store may be Entered.

2. Where the defendant is charged with violating the national prohibitory law, and the policeman who made the seizure of the liquor testified that the premises entered by him constitute a public store, and that he had good reason to believe that the accused had been selling alcoholic liquor contrary to law, this court will not dismiss the defendant by reason of the absence of a search warrant.

Opinion filed December 5, 1921.

Mr. *Ira K. Wells,* United States District Attorney, for the United States.

ODLIN, Judge, delivered the following opinion:

The defendant in this case, being charged with violating the Volstead Act, was present in court with his attorney, and the first witness called for the United States was a member of the Insular police, who testified that he entered the public store conducted by the accused and that said policemen had no warrant, that the reason he entered the public store was because he had received confidential information leading him to believe that the accused was guilty of selling alcoholic liquor contrary to the law. At the close of the testimony of this policeman, counsel for the accused moved the court to dismiss the case because the policeman admitted that he had entered the said public store without any search warrant. The court is of the opinion that this motion should be denied. The court rules that it

United States v. González.

is necessary for any officer of the law to have a search warrant before he can enter the residence or the abode or domicil of any person suspected of crime, but that this rule does not apply to automobiles, railroad stations, public stores, or other public places. Therefore the motion to dismiss is denied, and the counsel for the defendant excepts to this ruling.

It is so ordered.